**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:08-CR-50 |
| ) | |
| ) | |
| ISMAEL RUVALCABA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion entitled "Based on the New Release Law by Att. Gen. Eric Holder and Pursuant to §3582(c)(2), to Lower Two Levels from the Offense Level on All Drug Offender's with No Violence on their Record" filed by Defendant, Ismael Ruvalcaba, on April 28, 2014 (DE #457). For the reasons set forth below, the Motion is **DENIED.**

BACKGROUND

On June 26, 2009, Ismael Ruvalcaba ("Defendant") pled guilty to conspiracy to knowingly and intentionally distribute five (5) kilograms or more of cocaine and one-hundred (100) kilograms or more of marijuana, in violation of 21 U.S.C. section 846. On September 25, 2009, Defendant was sentenced to one-hundred and eight (108) months

of imprisonment plus a five (5) year term of supervised release.  In the instant motion, which was filed on April 28, 2014, Defendant states that he qualifies for a sentence reduction based on the "new Release Law from the Attorney General Honorable Eric Holder, along with the United States sentencing Commissioner's, to lower 'Two Levels' from all drug offenders who has no Record of Violence in their Records.  This reduction of Two Levels should be coming retroactively on November 1st, 2014, or before."[1]  (DE #457, p. 3.)  Defendant asks this Court to reduce his sentence to eighty-seven (87) months. (*Id.* at 4.)  He also inquires as to whether he will need to "apply again on November 1, 2014" if the instant motion is denied or whether he will get the reduction "automatically" at that time based on the initial filing. (*Id.*)

ANALYSIS

In general, a sentencing court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Section 3582(c)(2) creates a limited exception to this rule, giving sentencing courts the discretion to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. §

---

[1]  The Court has set forth Defendant's arguments without attempting to make grammatical or spelling corrections.

3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. However, the applicable policy statements make it clear that a reduction under section 3582(c)(2) does not constitute a full resentencing. See *U.S. v. Cunningham*, 554 F.3d 703, 705 (7th Cir. 2009).

The language limiting the scope of section 3582(c)(2) to defendants who were sentenced pursuant to a range that "has subsequently been lowered" is jurisdictional. See *U.S. v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008). District courts have no authority to modify a sentence under § 3582(c)(2) unless the Sentencing Commission has made an amendment retroactive. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; *Dillon v. U.S.*, 560 U.S. 817, 826 (2010); *U.S. v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

Here, although Defendant argues that he is entitled to a sentence reduction now based on the "new Release Law from the Attorney General Honorable Eric Holder, along with the United States Sentencing Commissioner's [sic]" which "should be coming retroactively on November 1, 2014, or before," he is mistaken. As of today, there is no law currently in effect that would qualify Defendant for any type of sentence reduction. On April 30, 2014, the Sentencing Commission submitted to Congress proposed amendments to the sentencing

3

guidelines, which will become effective on November 1, 2014, unless Congress acts to the contrary. See "Reader-Friendly" Version of Issue for Comment on Retroactive Application of Drug Amendment, United States Sentencing Commission, (April 30, 2014), http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140430_RF_Proposed_Amendments.pdf.[2] However, the issue of whether Amendment 3, which pertains to drug offenses and has the effect of lowering applicable guideline ranges, should be applied retroactively to previously sentenced defendants, is currently still up for public comment. *Id*. Thus, at the very least, Defendant's present motion is premature. The Court is without jurisdiction to grant his request for a reduced sentence, and the motion is **DENIED**. To the extent that Defendant asks the Court to hold his motion in abeyance until such time as a retroactive change to the guidelines applicable to his particular situation is made effective, that request is also **DENIED**. Should such a change be enacted, Defendant is free to file a new motion at that time.

CONCLUSION

For the reasons set forth above, the Motion entitled "Based on the New Release Law by Att. Gen. Eric Holder and Pursuant to

---

[2] The official text of the amendment can be found at: Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary (effective November 1, 2014), United States Sentencing Commission, (April 30, 2014), http://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20140430_Amendments.pdf

4

§3582(c)(2), to Lower Two Levels from the Offense Level on All Drug Offender's with No Violence on their Record" (DE #457) is **DENIED**.


**DATED: May 8, 2014**                          **/s/ RUDY LOZANO, Judge**
                                                **United States District Court**